IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CATARIE CREON WRIGHT<br>    ID # 1507834,<br>        Petitioner,<br>vs.<br><br>RICK THALER, Director,<br>Texas Department of Criminal<br>Justice, Correctional Institutions Division,<br>        Respondent. | No. 3:11-CV-1084-K (BH) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order* 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Before the Court is petitioner's *Motion To Stop AEDPA Clock,* received May 24, 2011 (doc. 3). Based on the relevant findings and applicable law, the motion should be denied.

## I. BACKGROUND

Petitioner is an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID). He currently has two state habeas applications pending before the Texas Court of Criminal Appeals. *See* WR-75,746-01, WR-75,746-02; *see also Wright v. State*, 2009 WL 1887127 (Tex. App.–Dallas, July 2, 2009, pet. ref'd). On or about May 24, 2011, he filed a protective petition for writ of habeas corpus under 28 U.S.C. § 2254 in federal court as well as a motion to stop the one-year statute of limitations and to stay and abate. (Mot. at 1). He claims that only five days remain of his one year for filing a federal petition, and that he is concerned that the limitations period will have run by the time he receives notification that his state writ has been decided. *Id.* at 2-3.

## II.  REQUEST TO STOP LIMITATIONS

Petitioner initially seeks to stop the statute of limitations from running while he pursues his claims in the state court .

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996.  It applies to all federal petitions for habeas corpus filed after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).  One of the ways that Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions was by imposing of a one-year statute of limitations for filing a federal petition.  *See* 28 U.S.C. § 2244(d)(1). However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added).  Because petitioner's state writ is currently pending, the limitations period is statutorily tolled at this time. *See id.*

Petitioner seeks prospective equitable tolling of the limitations period in case he does not receive notice of a ruling on his state writ within the five days allegedly remaining for him to file his federal petition.  AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled.  *Holland v. Florida*, 130 S.Ct. 2549 (2010) (deciding that the timeliness provision in the AEDPA is subject to equitable tolling).  A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, slip op. at 12, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  "Equitable tolling applies principally where [one party] is actively misled by the [other party] about the cause of action or is

prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

Section 2254 does not authorize federal courts to prospectively extend, stop or toll the one-year statute of limitations. *See* § 2244(d)(1). Federal courts lack jurisdiction to consider the timeliness of a habeas petition until it is actually filed. *See United States v. McFarland,* 125 Fed. App'x 573, *1 (5th Cir. Apr. 6, 2005) ("Before the [§ 2255] petition itself is actually filed, 'there is no case or controversy to be heard, and any opinion we were to render on the timeliness would be merely advisory.'"); *see also Gray v. Quarterman*, No. 3:08-CV-2068-D, 2008 WL 5385010 (N.D. Tex. Dec. 23, 2008) (federal courts do not "sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them]"), *quoting Princeton University v. Schmid*, 455 U.S. 100, 102 (1982) (other citations omitted). A party seeking to invoke federal subject matter jurisdiction must present a justiciable case or controversy. *Gray,* 2008 WL 5385010 at *1, *citing Juidice v. Vail*, 430 U.S. 327, 331 (1977) (other citations omitted).

Here, a ruling on petitioner's preliminary request to prospectively stop the limitations period will require an advance determination of whether his petition will be time-barred and whether equitable tolling is applicable. Because § 2254 does not authorize a prospective extension of the statute of limitations, and the merits of his protective petition are not yet before the Court, his motion for prospective tolling should be denied**.**

### III. REQUEST TO STAY AND ABATE

Petitioner filed a protective petition and asks that the Court stay and abate his federal case while he completes the exhaustion process at the state level.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 30; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest court in the state. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). A Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a post-conviction habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2004).

Where a federal petition for writ of habeas corpus contains unexhausted grounds for relief, federal courts have the discretion to either stay and abate or dismiss the federal action. *See Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998). Stay and abeyance should be granted only in limited circumstances when there is good cause for the failure to exhaust, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005).

In *Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005), the Supreme Court suggested that a habeas petitioner could file a protective federal petition and move to stay and abate the proceedings pending exhaustion when it was uncertain whether his pending state petition would be considered timely, thereby statutorily tolling the AEDPA one-year time limit. *Id*. It found that "reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause'" under *Rhines. Id.* A "petitioner with notice that his claims are, in fact, still pending in state court has no

4

reason to run to federal court and file a federal habeas petition", however. *Williams v. Thaler*, 400 Fed. App'x 886, 892 (5th Cir. 2010) (per curiam).[1] *Pace* does not support granting a stay under *Rhines* simply because petitioner will only have five days remaining in the limitations period to file a timely federal petition after his applications are decided. *See Mendoza v. Thaler*, 2011 WL 977056 (S.D. Tex. March 17, 2011) (declining to apply *Pace* to grant stay under *Rhines* where petitioner would have only three days to file a timely federal petition and granting motion to dismiss protective petition as unexhausted).

Petitioner has not shown that he is entitled to a stay under the standard set forth in *Rhines*. His request for a stay and abatement should be denied.

## IV. RECOMMENDATION

Petitioner's motion to stop the ADEPA clock and stay and abate should be **DENIED**.

**SIGNED this 15th day of June, 2011.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1] Other circuits have held that a protective petition is an appropriate vehicle for staying the AEDPA one-year statutory time limit where the pending state action may be determined to be untimely. *See Harrison v. Campbell*, 254 Fed. Appx. 644 (9th Cir. Nov. 16, 2007) (unpublished); *Powell v. Davis*, 415 F.3d 722, 728 (7th Cir. 2005). Texas does not have a statute of limitations for filing a state habeas application attacking a state court felony conviction. Petitioner's state applications will therefore not be considered untimely. *See* TEX. CODE CRIM PROC. ANN. § 11.07 (West 2007).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

    A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                                    IRMA CARRILLO RAMIREZ
                                                                                 UNITED STATES MAGISTRATE JUDGE